ANSTEAD, Justice,
dissenting.
I am in favor of the utilization of subject-matter divisions by the First District as an innovative way to deal with a large and complex caseload. However, I fail to see either the need or wisdom for tampering with omen banc rule as part of the division scheme.
The en banc rule was adopted to enhance consistency and stability in the decisions of the district courts. Under this rule, prior decisions of a court may be overturned only by a vote of the entire court rather than a three-judge panel. This process provides a safeguard for consistency, and also provides stability by having the entire court participate in the new decision. Logically, a decision of an entire court will have a longer life than a decision of a three-judge panel.
*731 Under the amendment adopted today, a five-judge division of a fifteen-judge court will be able to exercise en banc authority for the entire court. Actually, three judges in the five-judge division will have the authority to control an en banc decision. Since three judges will have the authority to overturn a prior decision, the consistency and stability provided by the required participation of the entire court will be lost. Further, since other judges will regularly rotate into and out of the five-judge division, the chances of overturning a decision will be increased as the makeup of the division changes. These observations apply as well to the use of en banc in the ten-judge general jurisdiction division of the court.
In my view, this amendment is at odds with the fundamental nature and purpose of en banc review. Since the initial adoption of the en bane rule in 1980, the rule has been used sparingly. Only a few of the several thousand cases considered by each district court yearly are decided en banc. This reflects consistency and stability in district court decision making, and proper but cautious use of the en banc rule. There has been no demonstration of a need to alter this procedure. En banc should continue to mean what it says: a full bench.
SHAW and KOGAN, JJ., concur.
APPENDIX
RULE 9.331 DETERMINATION OF CAUSES IN A DISTRICT COURT OF APPEAL EN BANC
(a) En Banc Proceedings: Generally. A majority of the judges of a district court of appeal participating may order that a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearing shall not be ordered unless the case is of exceptional importance or unless necessary to maintain uniformity in the court’s decisions. The en bane decision shall be by a majority of the active judges actually participating and voting on the case. In the event of a tie vote, the panel decision of the district court shall stand as the decision of the court. If there is no panel decision, a tie vote will affirm the trial court decision.
(b) En Banc Proceedings by Divisions. If a district court of appeal chooses to sit in subject-matter divisions as approved by the Supreme Court, en banc determinations shall be limited to those regular active judges within the division to which the case is assigned, unless the chief judge determines that the case involves matters of general application and that en banc determination should be made by all regular active judges. However, in the absence of such determination by the chief judge, the full court may determine by an affirmative vote of three-fifths of the active judges that the case involves matters that should be heard and decided by the full court, in which event en banc determination on the merits of the case shall be made by an affirmative vote of a majority of the regular active judges participating.
(be) Hearings En Banc. A hearing en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing. A motion seeking the hearing shall be stricken.
(ed) Rehearings En Banc.
(1) Generally. A rehearing en bane may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by rule 9.330 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing solely on the grounds that the case is of exceptional importance or that such consideration is necessary to maintain uniformity in the court’s decisions. A motion based on any other ground shall be stricken. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.
(2) Required Statement for Rehearing En Banc. A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is discharged without filing a motion for rehearing en banc unless one of the *732 grounds set forth in (1) is clearly met. If filed by an attorney, the motion shall contain either or both of the following statements:
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is of exceptional importance.
Or
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court (citing specifically the case or cases). /a/_
Attorney for_
(name of party)
(address and phone number) Florida Bar No. _
(3) Formal Order on Motion for Rehearing En Banc. A motion for rehearing en banc shall be deemed denied on a denial of rehearing or a grant of rehearing without en banc consideration. If rehearing en banc is granted, the court may limit the issues to be reheard, require the filing of additional briefs, and may require additional argument.
. Committee Notes
1982 Amendment. This rule is patterned in part after the- en banc rule of the United States Court of Appeals for the Fifth and Eleventh Circuits. The rule is an essential part of the philosophy of our present appellate structure because the supreme court no longer has jurisdiction to review intra-district conflict. The new appellate structural scheme requires the district courts of appeal to resolve conflict within their respective districts through the en banc process. By so doing, this should result in a clear statement of the law applicable to that particular district.
Subdivision (a) provides that a majority vote of the active and participating members of the district court is necessary to set a case for hearing en banc or rehearing en banc. The issues on the merits will be decided by a simple majority of the judges actually participating in the en banc process, without regard to recusals or a judge’s absence for illness. All judges in regular active service, not excluded for cause, will constitute the en banc panel. Counsel are reminded that en banc proceedings are extraordinary and will be ordered only in the enumerated circumstances. The ground, maintenance of uniformity in the court’s decisions, is the equivalent of decisional conflict as developed by supreme court precedent in the exercise of its conflict jurisdiction. The district courts are free, however, to develop their own concept of decisional uniformity. The effect of an en banc tie vote is self-explanatory, but such a vote does suggest that the matter is one that should be certified to the supreme court for resolution.
Subdivision (b) provides that hearings en banc may not be sought by the litigants; such hearings may be ordered only by the district court sua sponte.
Subdivision (c)(1) governs rehearings en banc. A litigant may apply for an en banc rehearing only on the ground that intra-district conflict of decisions exists, and then only in conjunction with a timely filed motion for rehearing under rule 9.330. The en banc rule does not allow for a separate motion for an en bane rehearing nor does it require the district court to enter a separate order on such request. Once a timely motion for rehearing en banc is filed in conjunction with a traditional petition for rehearing, the 3 judges on the initial panel must consider the motion. A vote of the entire court may be initiated by any single judge on the panel. Any other judge on the court may also trigger a vote by the entire court. Nonpanel judges are not required to review petitions for rehearing en banc until a vote is requested by another judge, although all petitions for rehearing en banc should be circulated to nonpanel judges. The court may on its own motion order a rehearing en bane.
Subdivision (c)(2) requires a signed statement of counsel certifying a bona fide belief that an en banc hearing is necessary to ensure decisional harmony within the district.
*733 Subdivision (e)(3) is intended to prevent baseless motions for en banc rehearings from absorbing excessive judicial time and labor. The district courts will not enter orders denying motions for en banc rehearings. If a rehearing en banc is granted, the court may order briefs from the parties and set the case for oral argument.
1992 Amendment. Subdivision (c)(3) was amended to correct a linguistic error found in the original subdivision.
COURT COMMENTARY 1994 Amendment. The intent of this amendment is to authorize courts sitting in subject-matter divisions to have cases that are assigned to a division decided en banc by that division without participation by the regular active judges assigned to another division. The presumption is that en banc consideration will usually be limited to the division in which the case is pending. However, recognizing that in exceptional instances it may be preferable for the matter under review to be considered by the whole court, the case can be brought before all regular active judges by the chief judge or by an affirmative vote of three-fifths of the regular active judges on the whole court. Once the matter is before the whole court en banc, a vote on the merits will be by a majority of the regular active judges as now provided in rule 9.331.